Filed 5/5/25  P. v. Duarte CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO DUARTE,<br><br>    Defendant and Appellant. | B329066<br><br>Los Angeles County<br>Super. Ct. No. NA102044 |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge. Affirmed.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Fernando Duarte appeals the superior court's denial of his petition for relief under former Penal Code section 1170.95 (current Penal Code section 1172.6).  We affirm.

Section 1172.6 provides relief for certain individuals convicted of murder under an imputed-malice theory of liability.  The trial court found that the record in Duarte's case demonstrated as a matter of law that Duarte was not convicted of imputed-malice murder.  It therefore denied Duarte's petition.  After we appointed appellate counsel, appellate counsel filed a brief identifying no arguable issues in the trial court's ruling and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Duarte then filed a supplemental brief on his own behalf.

If, as here, appellate counsel finds no arguable issues exist in a postconviction appeal from the denial of a Penal Code section 1172.6 petition, this court need not independently review the record.  (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  And if, as here, the defendant subsequently files a supplemental brief, this court need evaluate only the arguments presented in that brief.  (*Ibid*.)

Turning to those arguments, Duarte's supplemental brief asks the court, in general terms, for help and leniency.  He also suggests there were legal errors surrounding the fairness of his murder trial and requests relief on that basis.  These arguments fall outside section 1172.6.  His general concerns about his underlying conviction may not be raised in this appeal from a denial of a section 1172.6 petition.  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a [prior Penal Code] section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency

2

of the evidence supporting the jury's findings"].)  Accordingly, Duarte's arguments do not provide a basis for reversal.  We affirm on that basis.

Although we are not required to, we have also exercised our discretion to independently review the record.  (See *People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)  Having done so, we agree with the trial court that Duarte is ineligible for section 1172.6 relief as a matter of law.  As the trial court noted, the jury was never instructed on any imputed-malice theory of liability.

## DISPOSITION

We affirm the order denying Duarte section 1172.6 relief.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

DAUM, J.*

We concur:

ZUKIN, Acting P.J.

COLLINS, J.

---

\*      Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.